WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for rob *59 bery, kidnapping and sexual battery, for which he received a term of life imprisonment. Appellant argues that the trial court erred in admitting an out-of-court identification of appellant by the victim because it was the product of an unnecessarily suggestive photographic lineup procedure. Appellant finds no infirmity with the procedure except that the lineup, which consisted of the photographs of six black males in addition to appellant, was not restricted to black men who, like appellant, were known to have been former guests at the hotel where the victim worked. The single asserted visual contact between the victim and appellant prior to the crime occurred when the victim registered appellant as a guest at the hotel on one occasion a month before the crime. The officer who compiled the photographic lineup testified that, although she became aware at the time she was compiling the lineup that appellant had stayed at the hotel on one occasion prior to the crime and had been registered by the victim, she had no knowledge of whether any of the six individuals other than appellant had ever been a guest at the hotel or in contact with the victim prior to the crime. We find that the lineup was not' impermissibly suggestive in that context.
Further, under the circumstances of this case, where the victim had an opportunity to view her assailant face-to-face at the time of the crime, and made a “very certain” in-court identification of appellant, we find no substantial likelihood of irreparable misidentification. See Grant v. State, 390 So.2d 341 (Fla.1980). We also note that appellant failed to either move to suppress or object at trial to this evidence, and finding no fundamental error in the introduction of this out-of-court identification, we affirm.
Affirmed.
MINER and WOLF, JJ., concur.